STATE OF NEBRASKA, APPELLANT, V.
FRANCIS L. SEBERGER, APPELLEE.

601 N.W.2d 229

Filed September 24, 1999.    No. S-98-931.

Don Stenberg, Attorney General, Michael L. Munch, Sarpy County Attorney, and Patricia J. Bramhall for appellant.

Thomas J. Garvey, Sarpy County Public Defender, and Gregory A. Pivovar for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

This case presents the question whether the State may appeal as excessively lenient the decision of a three-judge panel that sentenced Francis L. Seberger to life imprisonment rather than death. Seberger was convicted of first degree murder and was subsequently sentenced to life imprisonment. The State appeals pursuant to Neb. Rev. Stat. § 29-2320 (Reissue 1995), asserting that the sentence was excessively lenient and requesting that the matter be remanded for further evaluation. We conclude that the State does not have statutory authority to appeal this decision. Therefore, we dismiss the appeal.

## BACKGROUND

On July 1, 1997, Debra Seberger died as a result of burns she sustained when Seberger poured gasoline on or near her and the gasoline ignited. Seberger was subsequently charged with first degree murder and arson in the first degree. Following a bench trial, the district court found Seberger guilty on the count of first degree murder and not guilty on the arson count. Pursuant to Neb. Rev. Stat. §§ 29-2519 to 29-2546 (Reissue 1995), a three-judge panel was convened to determine sentencing, and a hearing was held. Following the hearing, the panel sentenced Seberger to incarceration for a term of his natural life. The State appeals under § 29-2320, contending that the decision of the

panel to sentence Seberger to life imprisonment rather than to death was excessively lenient.

## ASSIGNMENTS OF ERROR

The State provides six assignments of error. Its combined assertion is that the district court erred as a matter of law and fact in failing to find the presence of certain aggravating circumstances and in finding that certain mitigating circumstances existed. In addition, the State asserts that the district court erred in the manner in which it weighed an aggravator found to be present in the case.

## STANDARD OF REVIEW

█ Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *Miller v. M.F.S. York/Stormor, ante* p. 100, 595 N.W.2d 878 (1999); *In re Estate of Myers*, 256 Neb. 817, 594 N.W.2d 563 (1999).

## ANALYSIS

The State contends that it has authority to appeal the decision pursuant to § 29-2320, which states:

> Whenever a defendant is found guilty of a felony following a trial or the entry of a plea of guilty or tendering a plea of nolo contendere, the county attorney charged with the prosecution of such defendant may appeal the sentence imposed if such attorney reasonably believes, based on all of the facts and circumstances of the particular case, that the sentence is excessively lenient.

This provision is located in article 23 of the criminal procedure statutes, which is the statutory section devoted to review of judgments in criminal cases. See Neb. Rev. Stat. §§ 29-2301 to 29-2325 (Reissue 1995).

Seberger, however, contends that § 29-2320 does not apply when a three-judge panel sentences a defendant to life imprisonment rather than death. In support of this contention, Seberger argues that the specific statutory scheme that provides for special procedures in cases of first degree murder does not allow a prosecutor to appeal as excessively lenient the imposition of a

life sentence instead of a death sentence. Seberger further argues that even if a prosecutor could perfect an appeal of a life sentence under § 29-2320, principles of double jeopardy apply, and thus, he cannot be resentenced to death because the three-judge panel already acquitted him of the death penalty.

In *State v. Rust*, 247 Neb. 503, 528 N.W.2d 320 (1995), *cert. denied* 516 U.S. 905, 116 S. Ct. 271, 133 L. Ed. 2d 193 (1995), we held that the imposition of a life sentence acted to acquit the defendant of the harsher death sentence and that the protections of the Double Jeopardy Clause were applicable to the capital sentencing procedures governing the convening of a three-judge panel. See Neb. Rev. Stat. §§ 29-2520 to 29-2523 (Reissue 1995). As a result, we concluded that double jeopardy principles prevented the State from challenging a life sentence as excessively lenient. We did not, however, discuss in *Rust* the initial question whether the State has statutory authorization to file an appeal that challenges the imposition of a life sentence as excessively lenient. In general, in the absence of specific statutory authorization, the State has no right to appeal an adverse ruling in a criminal case. *State v. Rust, supra.*

Under principles of statutory construction, the components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *In re Estate of Myers, supra*; *Central States Found. v. Balka*, 256 Neb. 369, 590 N.W.2d 832 (1999). Special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes so far as there is a conflict. *State v. Wood*, 245 Neb. 63, 511 N.W.2d 90 (1994).

The State brought this appeal pursuant to § 29-2320, which generally provides circumstances under which prosecutors may appeal sentences imposed in felony cases. However, article 25 of the criminal procedure statutes, §§ 29-2519 to 29-2546, provides special procedures to be applied in cases of first degree murder, including the use of a three-judge panel and the application of aggravating and mitigating circumstances in order to reach a determination of whether the death penalty should be imposed. It is the application of aggravating and mitigating cir-

cumstances under § 29-2523 of which the State complains in the instant case. However, §§ 29-2519 to 29-2546 do not contain a provision such as that found in § 29-2320 whereby a prosecutor could appeal the imposition of a life sentence rather than a sentence of death.

Considering the statutory provisions conjunctively and applying the more specific provisions over the general, we conclude that § 29-2320 does not provide the State with authority to appeal the sentence of a defendant who has been acquitted of the death penalty and sentenced to life imprisonment. Because there is no specific statutory authorization in §§ 29-2519 to 29-2546 for the State to appeal the imposition of a life sentence, the State is without statutory authority to appeal in the instant case. Accordingly, the appeal is dismissed.

APPEAL DISMISSED.