STATE OF NEBRASKA, APPELLANT, V.
RODOLFO C. FALCON, APPELLEE.

615 N.W. 2d 436

Filed July 28, 2000.    No. S-99-1166.

John E. Higgins, Deputy Sarpy County Attorney, for appellant.

Thomas J. Garvey, Sarpy County Public Defender, and Gregory A. Pivovar for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCormack, J.
## NATURE OF CASE
Rodolfo C. Falcon was charged with driving under the influence of alcohol or drugs, in violation of Neb. Rev. Stat. § 60-6,196 (Reissue 1998). Trial was held to the county court on stipulated facts. The county court found Falcon not guilty. The State filed a notice of intent to appeal with the district court, pursuant to Neb. Rev. Stat. § 29-2317 (Reissue 1995). The district court affirmed the county court's ruling. The State subsequently filed application for leave to docket error proceedings with the Nebraska Court of Appeals, pursuant to Neb. Rev. Stat. § 29-2315.01 (Reissue 1995). The Court of Appeals granted the application, and this appeal ensued. The case was thereafter moved to this court's docket, pursuant to our authority to regulate the caseloads of this court and the Court of Appeals.

## BACKGROUND
The driving under the influence of alcohol or drugs charge against Falcon was tried to the county court on stipulated facts. The facts that follow are taken directly from the stipulated facts which were read into the record. On September 30, 1998, Falcon was driving a motor vehicle in Sarpy County, Nebraska, and was stopped by Officer Mark Elbert for a traffic infraction. Upon approaching Falcon, Elbert smelled an odor of alcohol and an odor of burnt marijuana about Falcon's person. Elbert also noticed that Falcon's eyes were watery and bloodshot. Based on his observations, Elbert had Falcon perform certain field sobriety tests, some or all of which indicated impairment on the part of Falcon. Falcon was placed under arrest. A blood sample was drawn from Falcon approximately one-half hour after the initial traffic stop, and a urine sample was drawn approximately 1 hour after the initial traffic stop. The blood sample tested positive for alcohol, specifically .081 grams per 100 milliliters of blood. The urine sample tested positive for marijuana, the quantity being unknown. The blood that was drawn and the urine that was collected were done in a medically accepted manner; the blood and urine tests were performed by a licensed tester; and the tests were performed with devices that were functioning properly.

Falcon was given the *Miranda* warnings and admitted to Elbert that he had been drinking beer and smoking marijuana earlier that evening. A second set of field sobriety tests were performed by Falcon at Elbert's request as part of a drug recognition examination. Elbert formed an opinion based on his observations, training, and experience, that Falcon was under the influence of alcohol and marijuana to such an extent as to appreciably impair Falcon's ability to operate a motor vehicle.

The stipulated facts showed that Elbert has participated in the arrests of more than 300 individuals for driving under the influence of alcohol or controlled substances; has conducted approximately 65 drug recognition evaluations on individuals who are suspected of driving under the influence; and has been trained and certified as a drug recognition expert as of January 1998.

The county court found Falcon not guilty, concluding that § 60-6,196(1)(a) requires the State to prove an impairment due to either the use of alcohol or the use of drugs and that the State failed to show whether it was the alcohol or the drugs that caused Falcon's impairment. The county court found that § 60-6,196(1)(a) does not allow for a showing that the impairment was due to a combination of alcohol and drugs.

The district court affirmed the county court's decision, finding that if a defendant has both alcohol and drugs in his or her system and is impaired, the State must show which substance, either the alcohol or the drugs, caused the impairment in order to obtain a conviction for a violation of § 60-6,196(1)(a).

## ASSIGNMENTS OF ERROR

The State assigns that the district court erred in affirming the county court's finding that (1) Falcon was not under the influence of alcohol or any drug and (2) Falcon could not be found guilty under § 60-6,196(1)(a) due to the simultaneous presence of both alcohol and a drug in Falcon's system.

## SCOPE AND PURPOSE OF REVIEW
## IN ERROR PROCEEDINGS

The instant appeal is before this court as an error proceeding filed by the county attorney pursuant to § 29-2315.01, which states:

The county attorney may take exception to any ruling or decision of the court made during the prosecution of a cause by presenting to the trial court the application for leave to docket an appeal with reference to the rulings or decisions of which complaint is made. . . . The county attorney shall then present such application to the appellate court within thirty days from the date of the final order.

■ The scope and purpose of appellate review in error proceedings are defined in Neb. Rev. Stat. § 29-2316 (Reissue 1995). The purpose of the review is to provide an authoritative exposition of the law to serve as precedent in future cases. *State v. Portsche*, 258 Neb. 926, 606 N.W.2d 794 (2000).

## STANDARD OF REVIEW

■ Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the courts below. *State v. Bjorklund*, 258 Neb. 432, 604 N.W.2d 169 (2000); *State v. Seberger*, 257 Neb. 747, 601 N.W.2d 229 (1999).

## ANALYSIS

Falcon was charged with driving under the influence of alcoholic liquor or drugs in violation of § 60-6,196, which states in relevant part:

(1) It shall be unlawful for any person to operate or be in the actual physical control of any motor vehicle:

(a) While under the influence of alcoholic liquor or of any drug;

(b) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per one hundred milliliters of his or her blood; or

(c) When such person has a concentration of ten-hundredths of one gram or more by weight of alcohol per two hundred ten liters of his or her breath.

The stipulated facts showed that Falcon had a blood alcohol level of .081, that his urine sample tested positive for marijuana, and that Elbert was of the opinion that Falcon was under the influence of alcohol and marijuana to such an extent as to appre-

ciably impair Falcon's ability to operate a motor vehicle. Therefore, in order for Falcon to be convicted for driving under the influence pursuant to § 60-6,196, the State had to prove that Falcon was guilty under subsection (1)(a) because there was not sufficient evidence to satisfy the requirements under subsections (1)(b) or (c).

■ It is unlawful for any person to operate or be in the actual physical control of any motor vehicle while under the influence of alcoholic liquor or any drug. § 60-6,196(1)(a). As used in § 60-6,196(1)(a), the phrase "under the influence of alcoholic liquor or of any drug" means the ingestion of alcohol or drugs in an amount sufficient to impair to any appreciable degree the driver's ability to operate a motor vehicle in a prudent and cautious manner. See *State v. Green*, 238 Neb. 328, 470 N.W.2d 736 (1991).

Under § 60-6,196(1)(a), the State is required to prove that Falcon was in actual physical control of a motor vehicle and that Falcon's ability to operate a motor vehicle was impaired by reason of the influence of alcoholic liquor or of drugs. Impairment can be shown by observations of witnesses, particularly police officers who are trained to make these observations. If a test for the presence of alcohol or drugs is utilized, it is one piece of evidence that the defendant's ability to operate a motor vehicle is impaired; it is not conclusive under § 60-6,196(1)(a).

In this case, the following facts were established: (1) Falcon was in actual physical control of a motor vehicle; (2) Falcon admitted to the ingestion of alcoholic liquor and drugs; (3) Falcon's eyes were watery and bloodshot; (4) some of the field sobriety tests administered to Falcon indicated Falcon's ability to operate a motor vehicle was impaired; and (5) Elbert was of the opinion, based on his observations, training, and experience, that Falcon was under the influence of alcohol and marijuana to such an extent as to appreciably impair Falcon's ability to operate a motor vehicle.

■ Either a law enforcement officer's observations of a defendant's intoxicated behavior or the defendant's poor performance on field sobriety tests may constitute sufficient evidence to sustain a conviction of driving while under the influence of alcoholic liquor. *State v. Green, supra.* These facts, particularly

where there is no contrary evidence adduced by Falcon, are sufficient, if believed by the trier of fact, to support a finding or verdict that Falcon was substantially impaired in his ability to operate a motor vehicle and, as such, was in violation of § 60-6,196(1)(a). Falcon's argument to the county court and to the district court was that the word "or" as used in § 60-6,196(1)(a) required the State to prove which substance, either the alcohol or the drugs, caused the impairment. We conclude that the operation of a motor vehicle under the influence of alcoholic liquor or drugs, or both, is illegal under § 60-6,196(1)(a). The crime is the operating of a motor vehicle under the influence of alcoholic liquor or drugs, or both, to a degree that the alcoholic liquor or drugs, or both, appreciably impaired the driver's ability to operate the motor vehicle. There was sufficient evidence adduced in this case upon which the trial court could have convicted Falcon under § 60-6,196(1)(a).

## EFFECT OF RULING

As stated earlier, this is an appeal by a county attorney pursuant to § 29-2315.01. Section 29-2316 describes the effect of this court's ruling pursuant to § 29-2315.01:

> The judgment of the court in any action taken pursuant to section 29-2315.01 shall not be reversed nor in any manner affected when the defendant in the trial court has been placed legally in jeopardy, but in such cases the decision of the appellate court shall determine the law to govern in any similar case which may be pending at the time the decision is rendered or which may thereafter arise in the state. When the decision of the appellate court establishes that the final order of the trial court was erroneous and the defendant had not been placed legally in jeopardy prior to the entry of such erroneous order, the trial court may upon application of the county attorney issue its warrant for the rearrest of the defendant and the cause against him or her shall thereupon proceed in accordance with the law as determined by the decision of the appellate court.

The Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution and of article I, § 12, of the Nebraska Constitution protects " 'an individual from being subjected to

the hazards of trial and possible conviction more than once for an alleged offense.'" *State v. Bostwick*, 222 Neb. 631, 642, 385 N.W.2d 906, 914 (1986) (quoting *Green v. United States*, 355 U.S. 184, 78 S. Ct. 221, 2 L. Ed. 2d 199 (1957)). Under Neb. Const. art. I, § 12, jeopardy attaches when a judge, hearing a case without a jury, begins to hear evidence as to the guilt or innocence of the defendant. *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999).

In the instant case, jeopardy has attached because the county court heard evidence as to the guilt or innocence of Falcon. Therefore, under § 29-2316, because jeopardy has attached, our decision will not affect the judgment of the county court or district court herein. It will determine the law to govern in any similar case which may be pending at the time this decision is rendered or which may thereafter arise in the state. See § 29-2316.

## CONCLUSION

The record contains sufficient evidence to convict Falcon of driving while under the influence of alcohol or drugs. Thus, although Falcon stands acquitted, the State's exception is sustained.

EXCEPTION SUSTAINED.