REQUESTED BY: Senator Chris Langemeier
You have requested our opinion concerning the use of unlicensed assistants under the Nebraska Veterinary Practice Act. Neb. Rev. Stat. §§ 71-1,152.01 to 71-1,166 (2003). Your specific questions are as follows:
Question 1: May individuals licensed under other provisions of the Uniform Licensing Law such as chiropractors, massage or physical therapists, be treated as unlicensed assistants, when they perform services on animals, under the above referenced statute?
Question 2: May the Department of Health and Human Services adopt regulations allowing a veterinarian to delegate performance of health care tasks such as those referred to above to be administered under his or her supervision? It would be assumed that the individual, licensed or unlicensed, who is acting as a veterinary assistant under either the direct or indirect supervision of a licensed veterinarian, would not be directly involved in the billing process of customers and may or may not be providing said services at the supervising veterinarian's primary office location.
RESPONSE TO QUESTION 1
You first ask whether health care professionals credentialed by the Department of Health and Human Services Regulation and Licensure, other than a licensed veterinarian or veterinary technician, may perform services on animals as "unlicensed assistants." You mentioned chiropractors, massage therapists and physical therapists in your opinion request letter. The scope of practice of all four health care professions is statutorily defined. Such licensing statutes make it unlawful to do, without a license, those things that are within the definition or scope of practice of that profession. The practice of veterinary medicine and surgery is defined at Neb. Rev. Stat. §71-1,154(3) as follows:
"(3) Practice of veterinary medicine and surgery means:
(a) To diagnose, treat, correct, change, relieve, or prevent animal disease, deformity, defect, injury, or other physical or mental conditions, including the prescription or administration of any drug, medicine, biologic, apparatus, application, anesthetic, or other therapeutic or diagnostic substance or technique, and the use of any manual or mechanical procedure for testing for pregnancy or for correcting sterility or infertility. The acts described in this subdivision shall not be done without a valid veterinarian-client-patient relationship;
(b) To render advice or recommendation with regard to any act described in subdivision (a) of this subdivision; . . ."
This broad definition appears to include all treatment of animal injury and disease including the administration of therapeutic substances or techniques.
The scopes of practice for chiropractors, massage therapists and physical therapists are found at Neb. Rev. Stat. § 71-177 (2003), Neb. Rev. Stat. § 71-1,278 (2003) and Neb. Rev. Stat. § 71-1,376 (Laws 2006, LB 994, Section 132) respectively. The statutes defining the scope of practice for these three health care professions do not, on their face, include the treatment of animals. In fact, Neb. Rev. Stat. § 71-177, pertaining to the practice of chiropractic refers specifically to the human body. Statutory language would generally be given its plain and ordinary meaning and where the words of the statute are plain, direct and unambiguous, no interpretation is necessary to ascertain their meaning. State v. Burlison, 255 Neb. 190, 195, 583 N.W.2d 31, 35 (1998); Sorensen v. Meyer, 220 Neb. 457, 370 N.W.2d 173 (1985). Furthermore, the components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed so that different provisions of the act are consistent, harmonious and sensible. State v. Seberger, 257 Neb. 747, 601 N.W.2d 229 (1999). In this situation, we have also considered Neb. Rev. Stat. § 71-1,155 which provides certain exceptions to the licensing requirements of the Nebraska Veterinary Practice Act. The Legislature has created no exception therein for a member of another health care profession which is credentialed by the Department. Considering all of these statutes together, it is apparent that the practice of veterinary medicine is limited to those individuals licensed as a veterinarian or veterinary technician.
You have inquired whether these other health care professionals could be treated as "unlicensed assistants" so as to be able to perform services within their licensed areas of practice on animals. For purposes of the Nebraska Veterinary Practice Act, an unlicensed assistant is defined as "an individual who is not a veterinarian or a veterinary technician who is working in veterinary medicine." Neb. Rev. Stat. § 71-1,154(13). In our view, the terms "assistant" and "working in veterinary medicine" support the conclusion that some sort of employment relationship exists between an unlicensed assistant and the veterinarian with whom he or she practices. Also, our review of the regulations adopted by the Department of Health and Human Services Regulation and Licensure at 172 NAC 180, including those pertaining to tasks which may be performed by unlicensed assistants at § 004.02, reveal no intent to authorize other health care professionals to perform services on animals or to be treated as unlicensed assistants. Therefore, it is our opinion that individuals licensed under other provisions of the Uniform Licensing Law, such as chiropractors, massage or physical therapists, may not currently be treated as unlicensed assistants pursuant to §71-1,154(13).
RESPONSE TO QUESTION 2
Your second question is whether the Department may adopt regulations which would allow a veterinarian to delegate the performance of certain treatment procedures to be administered under his or her supervision. As indicated above, while Nebraska statutes currently allow veterinarians to delegate certain tasks to unlicensed assistants who are "working in veterinary medicine" it does not appear that it was the intent of the Legislature to allow the delegation of tasks in the treatment of animals to other health care professionals credentialed by the Department through this statutory authorization of unlicensed assistants. Therefore, in our view, a statutory change would be necessary to authorize either a change in the scopes of practice for chiropractors, massage therapists and physical therapists or to establish some fashion of collaborative practice between these health care professionals and licensed veterinarians. While the Department is given broad authority pursuant to Neb. Rev. Stat. § 71-1,166 to adopt rules and regulations with regard to which tasks may be performed by a veterinary technician or by unlicensed assistants, we think it doubtful that the Legislature intended this delegation model to apply to health care professionals working in areas other than veterinary medicine. Therefore, while the answer to your second question is not clear, it appears to us that the better answer is that the Department currently lacks authority for such regulations. As a statutory change would more clearly provide authorization for a shared or collaborative practice, the introduction of legislation may well be advised.
Sincerely,
 JON BRUNING Attorney General
 Lynn A. Melson Assistant Attorney General
APPROVED:
 __________________________________ Attorney General