IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

STATE V. MADISON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

TERRELL C. MADISON, APPELLANT.

Filed January 31, 2017.    No. A-16-670.

Appeal from the District Court for Lancaster County, DARLA S. IDEUS, Judge, on appeal thereto from the County Court for Lancaster County, TIMOTHY C. PHILLIPS, Judge. Judgment of District Court affirmed.

Joe Nigro, Lancaster County Public Defender, and Matthew Meyerle for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

INBODY, PIRTLE, and BISHOP, Judges.

BISHOP, Judge.

Terrell C. Madison pled guilty to driving under the influence (DUI) with a blood alcohol content of greater than .15. The county court for Lancaster County determined that Madison had one prior conviction based on Madison's 2002 conviction for driving while intoxicated (DWI) in Missouri. Accordingly, the county court treated the current conviction as an aggravated DUI with one prior conviction for purposes of sentencing Madison. Based on the enhancement, the court sentenced Madison to 90 days' incarceration, ordered him to pay a $1,000 fine, and revoked his driver's license for 3 years.

Madison appealed his sentence to the district court, which affirmed the county court's order. Madison now appeals the district court's decision to this court, arguing that the county court erred in treating his Missouri conviction as a prior DUI and in enhancing his sentence. We affirm.

- 1 -

## FACTUAL BACKGROUND

The State provided the following factual basis at the plea hearing:

February 27, '15, approximately 1:10 in the morning, Officer Koepke was on patrol and he observed a vehicle make an improper turn by turning in the outside lane then correct into the inside lane. Officer followed the vehicle, observed [it] had difficulty driving a straight line and [was] swerving in its lane. Eventually, it made a lane change and entered an intersection against a red light then stopped, essentially, in the middle of the intersection, at which point, officer initiated a traffic stop. Identified the driver as Terrell Madison. [Spoke] with Mr. Madison, could detect a strong odor of alcohol and urine coming from inside the vehicle. Mr. Madison admitted consuming alcohol prior to driving. Officer had him submit to field sobriety tests and [he] showed signs of impairment during that. Did do a preliminary test [of] his breath which showed the presence of alcohol. He was transported to detox. Had a DataMaster test of .200 grams of alcohol per 210 liters of his breath. All that occurred in Lancaster County, Nebraska.

## PROCEDURAL BACKGROUND

Madison was charged with aggravated DUI with one prior conviction, driving under suspension, and careless driving. Pursuant to a plea agreement with the State, Madison pled guilty to driving under the influence and the State dismissed the charges of driving under suspension and careless driving. The county court accepted Madison's plea and then proceeded to hold an enhancement hearing.

At the enhancement hearing, the State introduced a certified record from Callaway County, Missouri, stating that Madison pled guilty to DWI in April 2002. Madison objected to the court considering his prior Missouri DWI conviction for the purpose of enhancing his Nebraska DUI to a second offense. Madison argued that the Missouri conviction required a lesser level of intoxication than required under Nebraska law. The county court found Madison's Missouri DWI to be a valid prior DUI for enhancement purposes, and sentenced him accordingly.

Madison appealed to the district court, arguing that the county court had erred in considering his Missouri DWI for enhancement purposes. The district court affirmed the county court's order, determining that Madison's Missouri DWI was a valid prior conviction.

## ASSIGNMENT OF ERROR

Madison argues that the district court erred in concluding that the county court properly found Madison's Missouri conviction for DWI to be a valid prior DUI conviction for enhancement purposes.

## STANDARD OF REVIEW

Statutory interpretation presents a question of law, for which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *State v. Gilliam*, 292 Neb. 770, 874 N.W.2d 48, cert. denied, ___ U.S. ___, 137 S. Ct. 371, ___ L. Ed. 2d ___ (2016).

ANALYSIS

Madison argues that his Missouri DWI conviction should not be considered a prior conviction for purposes of enhancing his sentence because the Missouri statute defining DWI requires a lesser degree of intoxication than that required under Nebraska law.

Neb. Rev. Stat. § 60-6,197.03 (Supp. 2015) delineates the penalties for DUI convictions. Those penalties include enhanced sentences for offenders who have had prior convictions. Neb. Rev. Stat. § 60-6,197.02 (Cum. Supp. 2014) provides that when a sentence is being imposed for a violation of Nebraska's general prohibition against DUI, prior conviction means "[a]ny conviction under a law of another state if, at the time of the conviction under the law of such other state, the offense for which the person was convicted would have been a violation of" one of Nebraska's DUI statutes.

Madison's 2002 Missouri conviction was under Mo. Rev. Stat. § 577.010 (1991), which provided that "[a] person commits the offense of driving while intoxicated if he operates a motor vehicle while in an intoxicated or drugged condition." Mo. Rev. Stat. § 577.001 (1996), in turn, defines "intoxicated condition" as being "under the influence of alcohol, a controlled substance, or drug, or any combination thereof." Missouri courts have further clarified that "under the influence of alcohol" means "[a]ny intoxication that in any manner impairs the ability of a person to operate an automobile." *State v. Wilson*, 846 S.W.2d 796 (Mo. Ct. App. 1993).

At the time of Madison's Missouri conviction, Nebraska law prohibited a person from operating or being in actual physical control of a motor vehicle "[w]hile under the influence of alcoholic liquor or of any drug." Neb. Rev. Stat. § 60-6,196(1) (Supp. 2001). The Nebraska Supreme Court has stated that the phrase "under the influence of alcoholic liquor or of any drug" requires the ingestion of alcohol or drugs in an amount sufficient to impair to any appreciable degree the driver's ability to operate a motor vehicle in a prudent and cautious manner. *State v. Falcon*, 260 Neb. 119, 615 N.W.2d 436 (2000).

Madison points out that a Missouri DWI requires "any intoxication that in any manner impairs the ability" to drive while Nebraska law requires intoxication that impairs the driver "to any appreciable degree." He argues that this difference in wording means that his Missouri conviction would not have been a violation of Nebraska's DUI statutes and is therefore unusable for enhancement purposes.

Madison's argument relies primarily on the case of *State v. Mitchell*, 285 Neb. 88, 825 N.W.2d 429 (2015). In *Mitchell*, the Nebraska Supreme Court determined that a conviction under Colorado's driving while ability impaired (DWAI) statute was not a prior conviction for purposes of enhancing a Nebraska DUI. The Colorado DWAI statute required that "'a person has consumed alcohol . . . that affects the person to the slightest degree so that the person is less able than the person ordinarily would have been . . . to exercise clear judgment, sufficient physical control, or due care in the safe operation of a vehicle.'" *Id.* at 90, 825 N.W.2d at 431 (quoting Colo. Rev. Stat. Ann. § 42-4-1301(1)(g) (West 2012)).

The court in *Mitchell, supra*, concluded that a DWAI in Colorado could not be used to enhance a later Nebraska DUI because the offense of DWAI did not meet the requirement of being a prior conviction for the offense of DUI. The court reasoned that under Colorado's statutory

scheme, DWAI and DUI were separate offenses. Importantly, DWAI required only impairment to the slightest degree, which the court found to be distinct from the level of impairment required for a Nebraska DUI, impairment to an appreciable degree.

In contrast to the statute at issue in *Mitchell, supra*, Missouri's DWI statute targets the same conduct as Nebraska's DUI statute. Both Missouri's and Nebraska's DUI laws prohibit intoxication which impairs a person's ability to drive. Although Missouri's statute requires "any intoxication that in any manner impairs" the driver's ability while Nebraska requires impairment "to any appreciable degree," this minor difference in language does not transform Madison's Missouri DWI into a different offense. Unlike in *Mitchell, supra*, Madison has not pointed to a statutory scheme which distinguishes DWI from a greater offense. Additionally, the wording of Missouri's DWI statute does not require a lesser standard of intoxication the way that "slightest" does in the Colorado DWAI statute. Therefore, unlike in *Mitchell, supra*, Madison's prior conviction would have met the requirements for a Nebraska DUI. See, also, *State v. Gilliam, supra* (affirming appellant's conviction and sentence for DUI which utilized a prior Missouri DWI for enhancement purposes).

Furthermore, under § 60-6,197.02, a court-certified or authenticated copy of the prior conviction from another state constitutes prima facie evidence of a prior conviction. *Id.* After the State has met its burden of producing prima facie evidence of a prior conviction, the burden falls to the defendant to bring mitigating facts to the attention of the court prior to sentencing, and make objections on the record regarding the validity of such prior convictions. *State v. Garcia*, 281 Neb. 1, 792 N.W.2d 882 (2011).

Here, the State met its burden of producing prima facie evidence of a prior conviction for Madison. Subsequently, Madison failed to demonstrate that his Missouri conviction actually involved a lesser degree of intoxication than that required under Nebraska law. Accordingly, we conclude that the district court did not err in affirming the county court's order enhancing Madison's sentence on the basis of the prior Missouri DWI conviction.

CONCLUSION

We find no error in the county court's order enhancing Madison's sentence on the basis of a prior conviction, and we affirm.

AFFIRMED.