904 P.2d 1245

**STATE of Arizona, Respondent,**

v.

**Andres Francisco ROSAS, Petitioner.**

**No. 1 CA–CR 94–0457–PR.**

Court of Appeals of Arizona,
Division 1, Department D.

March 21, 1995.

Review Denied Oct. 24, 1995.

Richard Romley, Maricopa County Atty. by Diane E.W. Gunnels, Deputy County Atty., Phoenix, for respondent.

Dean W. Trebesch, Maricopa County Public Defender by Spencer D. Heffel, Deputy Public Defender, Phoenix, for petitioner.

## OPINION

VOSS, Judge.

Petitioner Andres Francisco Rosas filed a petition for review asking us to examine the trial court's dismissal of his petition for post-conviction relief. We grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

Pursuant to a plea agreement with the State, Petitioner pled guilty to illegally conducting an enterprise, a class 3 felony. In exchange, the remaining charges against him and the State's allegation of *Hannah* priors were dismissed.[1] The plea agreement also provided that Petitioner would be sentenced to a term of five years imprisonment unless he failed to appear for sentencing, in which case the court could impose any legal sentence for this crime.

Petitioner failed to appear at his sentencing hearing, and a bench warrant was issued for his arrest. After Petitioner was apprehended, he was brought before the court for sentencing. During the proceedings, defense counsel noted on the record that "upon [Petitioner's] release from the Department of Corrections certainly deportation proceedings are going to begin." Nevertheless, Petitioner failed to comment on this apparently known circumstance when given the chance to do so by the trial court. Thereafter, the court also mentioned the effect of Petitioner's potential deportation when imposing the monetary obligations of the sentence. Again, Petitioner remained silent, neither questioning nor objecting to this particular consequence of his conviction. He was sentenced to an aggravated term of 7.5 years imprisonment.

Petitioner filed a petition for post-conviction relief. He alleged that he did not learn

that his conviction subjected him to deportation "until after he had been sentenced," and asserted that he would not have pled guilty had he known of such consequences. The trial court rejected Petitioner's argument and summarily dismissed the petition for post-conviction relief, noting that Petitioner failed to prove his ineffective assistance of counsel claim. It concluded that because deportation is collateral to the consequences of the guilty plea itself, counsel would not have rendered ineffective assistance by failing to inform Petitioner about the potential for deportation.

Petitioner then filed a petition for review to this court, alleging that the trial court abused its discretion by summarily dismissing his petition for post-conviction relief. He contends that his ineffective assistance of counsel claim was a colorable claim because he was prejudiced by defense counsel's failure to inform him of the deportation consequences that resulted from entering a guilty plea.

## DISCUSSION

The grant or denial of post-conviction relief is within the trial court's discretion and will not be reversed unless an abuse of discretion affirmatively appears. *State v. Watton*, 164 Ariz. 323, 325, 793 P.2d 80, 82 (1990). A colorable claim is a claim which, if true, might have changed the outcome. *State v. D'Ambrosio*, 156 Ariz. 71, 73, 750 P.2d 14, 16 (1988); *State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). When evaluating ineffective assistance of counsel claims, Arizona courts apply a two-pronged test: (1) Was counsel's performance deficient under all the circumstances; and (2) if so, is there a reasonable probability that counsel's deficient performance prejudiced the defendant? *State v. Gerlaugh*, 144 Ariz. 449, 455, 698 P.2d 694, 700 (1985); *State v. Nash*, 143 Ariz. 392, 397–98, 694 P.2d 222, 227–28 (1985). Courts need not address both prongs if the defendant makes an insufficient showing on one. *State v. Rankovich*, 159 Ariz. 116, 122, 765 P.2d 518, 524 (1988); *State v.*

1. *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980).

*Salazar,* 146 Ariz. 540, 541, 707 P.2d 944, 945 (1985).

■ Here, Petitioner concedes. that the trial court has no duty to inform non-citizen defendants of potential deportation consequences that result from entering a guilty plea. *See State v. Vera,* 159 Ariz. 237, 239, 766 P.2d 110, 112 (App.1988); *see also State v. Rodriguez,* 17 Ariz.App. 553, 554–55, 499 P.2d 167, 168–69 (1972). Nevertheless, he urges this court, as he urged the trial court, to impose such a duty on defense counsel. We decline to do so for several reasons.

First, we note that Arizona courts have recognized that potential deportation consequences that result from entering a guilty plea are collateral matters about which there is no duty to inform defendants. *See Vera,* 159 Ariz. at 239, 766 P.2d at 112 ("A trial judge is not required under the Arizona Rules of Criminal Procedure or as a matter of due process to advise a defendant who pleads guilty . . . that he may be subject to deportation."); *see also Rodriguez,* 17 Ariz. App. at 554–55, 499 P.2d at 168–69 ("Exposure to deportation has been classified as a collateral consequence as to which no duty to inform arises. [Citations omitted.] We hold that the possibility of deportation was not a 'consequence' as to which there was a duty to inform [the defendant] before acceptance of his plea of guilty.").

Second, we recognize that the majority of the courts that have considered this issue have held that the failure of defense counsel to inform non-citizen defendants about the collateral deportation consequences that result from entering guilty pleas does not constitute ineffective assistance of counsel.[2] Indeed, we agree with the rationale underlying the majority rule as it was clearly expressed in *State v. Ginebra,* 511 So.2d 960, 961–62 (Fla.1987), when the court stated:

> The focus of whether counsel provided constitutionally effective assistance in the context of a [guilty] plea is whether counsel provided his client "with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." . . . A defendant's lack of knowledge that a plea of guilty may lead to deportation does nothing to undermine the plea itself which is, in effect, "a confession in open court as to the facts alleged." (Citations omitted.)

Finally, we recognize that some states have imposed a duty to inform non-citizen defendants about the deportation consequences that result from entering a guilty plea. Nevertheless, such provisions have been enacted by statute or rule and require the trial court, *not defense counsel,* to advise defendants.[3]

We, therefore, decline to impose upon defense counsel a duty to inform non-citizen defendants about potential collateral deportation proceedings that may result from entering a guilty plea. Accordingly, we hold that the failure of counsel to provide such information to defendants does not constitute ineffective assistance of counsel.

In the present case, because the only deficient performance alleged by Petitioner is the failure of defense counsel to inform him of the deportation consequences resulting from his guilty plea, he has not satisfied the first prong of the ineffective assistance of counsel test. Moreover, even were we to

---

2. *See Tafoya v. State,* 500 P.2d 247, 252 (Alaska 1972), *cert. denied,* 410 U.S. 945, 93 S.Ct. 1389, 35 L.Ed.2d 611 (1973); *State v. Casseus,* 513 So.2d 1045 (Fla.1987); *Mott v. State,* 407 N.W.2d 581, 583 (Iowa 1987); *State v. Chung,* 210 N.J.Super. 427, 510 A.2d 72, 76–77 (App.Div. 1986); *State v. Dalman,* 520 N.W.2d 860, 863–64 (N.D.1994); *State v. McFadden,* 884 P.2d 1303, 1305 (Utah App.1994); *United States v. Santelises,* 509 F.2d 703, 704 (2d Cir.1975); *United States v. Yearwood,* 863 F.2d 6, 7–8 (4th Cir. 1988); *United States v. Gavilan,* 761 F.2d 226, 228–29 (5th Cir.1985); *Santos v. Kolb,* 880 F.2d 941, 944 (7th Cir.1989), *cert. denied,* 493 U.S. 1059, 110 S.Ct. 873, 107 L.Ed.2d 956 (1990); *United States v. Campbell,* 778 F.2d 764, 768 (11th Cir.1985).

3. *See* Cal.Penal Code § 1016.5 (West 1995); Conn.Gen.Stat.Ann. § 54–1j (West 1994); D.C.Code Ann. § 16–713 (West 1994); Rule 3.172(8), Fla.R.Crim.P. (West 1995); Haw.Rev. Stat. § 802E–1 (West 1994); Mass.Gen.Laws Ann. ch. 278, § 29D (West 1994); N.C.Gen.Stat. § 15A–1022(a)(7) (West 1994); Ohio Rev.Code Ann. § 2943.031(A) (Anderson 1993); Tex.Code Crim.Proc.Ann. art. 26.13(a)(4) (West 1994); Wash.Rev.Code Ann. § 10.40.200 (West 1995); Wis.Stat.Ann. § 971.08(1)(c) (West 1994).

assume *arguendo* that Petitioner demonstrated counsel's deficient performance, Petitioner was not prejudiced. The same threat of deportation existed whether he pled guilty or was convicted after trial. *See People v. Huante,* 143 Ill.2d 61, 156 Ill.Dec. 756, 762, 571 N.E.2d 736, 742 (1991) (no prejudice established where threat of deportation existed whether conviction rested upon guilty plea or jury verdict). Nowhere in any of his pleadings did Petitioner allege that he had a defense to the charges against him. *Id.* In sum, Petitioner alleges that he was prejudiced merely because he could have gone to trial and been acquitted. On the record before us, this is nothing more than a mere generalization and unsubstantiated claim.

We, therefore, conclude that the trial court correctly found that Petitioner did not present a colorable ineffective assistance of counsel claim.

## CONCLUSION

Because Petitioner did not present a colorable claim, the trial court did not abuse its discretion by summarily dismissing Petitioner's petition for post-conviction relief. We have reviewed the record for fundamental error as required by *Montgomery v. Sheldon,* 889 P.2d 614, 618 n. 5 (1995), and have found none. Accordingly, we grant review but deny relief.

GERBER, P.J., and CONTRERAS, J., concur.