STATE OF NEBRASKA, APPELLEE, V.
RICKEY R. THOMAS, APPELLANT.
629 N.W. 2d 503

Filed July 6, 2001. No. S-99-1412.

Rickey R. Thomas, pro se.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## NATURE OF CASE

Rickey R. Thomas pled guilty to and was convicted of possession with intent to deliver a controlled substance under Neb. Rev. Stat. § 28-416(1)(a) (Cum. Supp. 1992). Additionally, a forfeiture action was commenced, pursuant to Neb. Rev. Stat. § 28-431 (Reissue 1995), against $4,892 found in Thomas' possession at the time of Thomas' arrest and was resolved subsequent to Thomas' possession with intent to deliver conviction. Thomas did not file a plea in bar to the possession with intent to deliver charge and did not appeal either the conviction for possession with intent to deliver or the judgment in the forfeiture action. Thomas filed this motion for postconviction relief to challenge his criminal conviction. Thomas relies on our decision in *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999), to assert that he was placed in double jeopardy when charged with possession with intent to deliver and that, therefore, his trial counsel provided ineffective assistance by failing to file a plea in bar to the possession charge.

## BACKGROUND

On July 6, 1992, a no-knock search warrant was executed on Thomas' residence. The police found 22 individually wrapped hits of heroin, scales, and $4,892 in cash. Thomas was charged with possession with intent to deliver a controlled substance. On August 14, Thomas pled guilty to the possession with intent to deliver charge and on October 5, was sentenced to 10 to 20 years' imprisonment.

On July 14, 1992, the State brought a separate forfeiture action against the $4,892 found in Thomas' possession at the time of his arrest. The forfeiture action was resolved on August 25 when the district court found that the money was forfeited to the State. In the district court's decree on the forfeiture action, it noted that Thomas had been served as an interested party to the action, but had failed to respond to the service and had not challenged the forfeiture action.

Thomas filed a motion for postconviction relief pursuant to the Nebraska Postconviction Act, challenging his possession

with intent to deliver conviction. Thomas claimed that on the criminal charge, his trial counsel provided ineffective assistance because such counsel failed to file a plea in bar to the possession with intent to deliver charge. Thomas claimed that his right to be free from double jeopardy had been violated because jeopardy had attached to the forfeiture proceedings and that, therefore, the charge of possession with intent to deliver was barred by the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution or Neb. Const. art. I, § 12. Thomas asserted that had his counsel filed a plea in bar to the criminal charge, the result of the proceedings would have been different because the possession with intent to deliver charge would have been dismissed. Therefore, Thomas alleged that his trial counsel provided ineffective assistance because his performance was deficient and that such deficient performance prejudiced Thomas.

The district court denied Thomas' request for postconviction counsel. Thereafter, the district court denied Thomas' motion for postconviction relief without an evidentiary hearing. The district court determined that Thomas' possession with intent to deliver charge was not barred by the Double Jeopardy Clause because jeopardy did not attach to the forfeiture action until evidence was taken on August 25, 1992—after Thomas' August 14 possession conviction. Thomas appealed, and we moved the case to our docket pursuant to our authority to regulate the dockets of the appellate courts.

### ASSIGNMENTS OF ERROR
On appeal, Thomas assigns that the district court erred in (1) denying Thomas' request for postconviction counsel, (2) refusing to grant Thomas an evidentiary hearing on his postconviction action, and (3) denying Thomas' motion for postconviction relief.

### STANDARD OF REVIEW
■ When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000).

■ A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Becerra*, 261 Neb. 596, 624 N.W.2d 21 (2001).

■ Failure to appoint counsel in postconviction proceedings is not error in the absence of an abuse of discretion. *State v. Soukharith, supra.*

## ANALYSIS

■ In a motion for postconviction relief, the defendant must allege facts which, if proved, constitute a denial or violation of his or her rights under the U.S. or Nebraska Constitution, causing the judgment against the defendant to be void or voidable. *State v. Becerra, supra.* Normally, a voluntary guilty plea waives all defenses to a criminal charge. *State v. Buckman,* 259 Neb. 924, 613 N.W.2d 463 (2000). However, when a conviction is based upon a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *State v. Silvers,* 260 Neb. 831, 620 N.W.2d 73 (2000); *State v. Buckman, supra.* A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal. *State v. Suggs,* 259 Neb. 733, 613 N.W.2d 8 (2000). Thus, in order for Thomas to have properly challenged his possession with intent to deliver conviction in this postconviction action, he must have alleged that his guilty plea and his failure to raise the argument on direct appeal were the result of ineffective assistance of counsel.

Although Thomas did not specifically argue that he would not have pled guilty had his counsel provided effective assistance, the effect of Thomas' argument appears to be the same. Thomas asserted that had his counsel caused the possession with intent to deliver charge to be dismissed, the result of the proceeding would have been different. The facts alleged in Thomas' petition are sufficient for a court to infer that Thomas would not have pled guilty to the possession charge had his attorney filed a plea in bar to such charge because the charge would have been dismissed as barred by double jeopardy and that as a result, Thomas would not have been faced with pleading guilty as the charge would have previously been dismissed. Because we conclude that Thomas' postconviction claim is without merit on other grounds, we will generously assume, without deciding,

that Thomas properly alleged that his guilty plea and his subsequent failure to pursue the issue in a direct appeal were the result of ineffective assistance of counsel.

In order to establish a right to postconviction relief based on a claim of ineffective counsel, the defendant has the burden first to show that counsel's performance was deficient; that is, counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law in the area. Next, the defendant must show that counsel's deficient performance prejudiced the defense in his or her case. *State v. Hess*, 261 Neb. 368, 622 N.W.2d 891 (2001). The two prongs of this test, deficient performance and prejudice, may be addressed in either order. If it is more appropriate to dispose of an ineffectiveness claim due to the lack of sufficient prejudice, that course should be followed. *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000). The entire ineffectiveness analysis is viewed with a strong presumption that counsel's actions were reasonable and that even if found unreasonable, the error justifies setting aside the judgment only if there was prejudice. *State v. Silvers, supra.*

Thomas' petition alleged that had his counsel filed a plea in bar to the possession with intent to deliver charge, such charge would have been dismissed because the charge violated Thomas' right to be free from double jeopardy. Thomas' argument was that the prosecution of the criminal charge was barred by double jeopardy after the State filed the forfeiture action. Thomas relies on our ruling in *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999), for support. In *Franco*, we addressed a situation in which the defendant had been arrested and charged with possession of a controlled substance with intent to deliver under § 28-416(1)(a). At the time of the defendant's arrest in *Franco*, $2,190 in cash was seized from the defendant and the State filed a forfeiture action against the money pursuant to § 28-431. Evidence was adduced in the forfeiture proceeding prior to any action on the possession with intent to deliver charge. *State v. Franco, supra.* The day after evidence was adduced in the forfeiture proceeding, the defendant in *Franco* filed a plea in bar, requesting the information on the possession with intent to deliver charge be dismissed because it was barred by the Double Jeopardy Clause.

In analyzing whether double jeopardy had attached to the forfeiture action, we determined in *Franco* that forfeiture actions under § 28-431 provide a criminal sanction and that such action is criminal in nature for purposes of double jeopardy. See, also, *State v. Spotts*, 257 Neb. 44, 595 N.W.2d 259 (1999). In *Franco*, we determined that because jeopardy attaches when a judge begins to hear evidence as to the guilt of a defendant and because evidence had been adduced in the forfeiture action prior to the defendant's prosecution on the criminal charge, prosecution of the possession with intent to deliver charge in *Franco* was barred by the Double Jeopardy Clause. Therefore, we determined that the district court in *Franco* erred in denying the defendant's plea in bar to the possession with intent to deliver charge because jeopardy had attached to the forfeiture action.

In this case, Thomas was charged with possession with intent to deliver under the same statute as the defendant in *Franco* and the forfeiture action against the money found in Thomas' possession at the time of his arrest was pursued under the same statute as against the defendant in *Franco*. Thus, Thomas argues that *Franco* applies in this case, that his double jeopardy rights were violated by the criminal prosecution, and that his counsel provided ineffective assistance by failing to file a plea in bar to the possession with intent to deliver charge.

This court has not construed Nebraska's double jeopardy clause to provide any greater protections than those guaranteed by the U.S. Constitution. *State v. White*, 254 Neb. 566, 577 N.W.2d 741 (1998). The Double Jeopardy Clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *State v. Franco, supra*. The Double Jeopardy Clause does not potentially come into play, however, until the defendant has first been put into jeopardy. *Crist v. Bretz*, 437 U.S. 28, 98 S. Ct. 2156, 57 L. Ed. 2d 24 (1978). And even then, it is only the second proceeding that is constitutionally endangered. See *State v. Franco, supra*.

Therefore, we must determine whether Thomas was first subjected to jeopardy for the conduct underlying the possession with intent to deliver charge prior to jeopardy attaching in

the possession prosecution. See *U.S. v. Pierce*, 60 F.3d 886 (1st Cir. 1995). As a general rule, jeopardy attaches in a criminal case at the time the district court accepts the defendant's guilty plea. *U.S. v. Aliotta*, 199 F.3d 78 (2d Cir. 1999). See, *U.S. v. Faber*, 57 F.3d 873 (9th Cir. 1995); *Fransaw v. Lynaugh*, 810 F.2d 518 (5th Cir. 1987). See, also, *Bally v. Kemna*, 65 F.3d 104 (8th Cir. 1995). It has also been established that jeopardy attaches when a judge, hearing a case without a jury, begins to hear evidence as to the guilt or innocence of the defendant. Neb. Const. art. I, § 12. See, *State v. Falcon*, 260 Neb. 119, 615 N.W.2d 436 (2000); *State v. Franco*, 257 Neb. 15, 594 N.W.2d 633 (1999).

In the case at bar, Thomas pled guilty and was convicted of possession with intent to deliver a controlled substance on August 14, 1992. Evidence was not presented to the trier of fact in the forfeiture action until August 25. Any double jeopardy issue arising out of the institution of the forfeiture proceeding can only be seen as imperiling that proceeding. See *U.S. v. Pierce, supra.* Therefore, the prosecution for possession with intent to deliver could not be barred by double jeopardy as a second prosecution for the same offense after conviction.

█ The constitutional prohibition against double jeopardy, however, not only protects against a second prosecution for the same offense after acquittal or conviction, but also protects against multiple punishments for the same offense. *State v. Nissen*, 252 Neb. 51, 560 N.W.2d 157 (1997). In this case, evidence was presented to the trier of fact in the forfeiture proceeding and the forfeiture action was concluded after Thomas' conviction on the possession with intent to deliver charge but before Thomas' sentencing on that conviction. Thomas' argument in this case implies that for purposes of the prohibition against multiple punishment, jeopardy attached at the time Thomas suffered an initial punishment, after which he may not be punished a second time. Thus, Thomas' argument is that despite the fact that jeopardy had attached in the criminal case upon the entering of his guilty plea, "punishment jeopardy" did not attach to his possession with intent to deliver charge until Thomas was sentenced. Because the sentencing did not occur until after completion of the forfeiture action, Thomas' argument is that the sentencing was a second jeopardy.

In *U.S. v. Pierce*, 60 F.3d 886 (1st Cir. 1995), the circuit court addressed an argument identical to Thomas' multiple punishment argument. The *Pierce* court stated that this argument

> implies that a criminal defendant should have the right to withhold objection to a forbidden successive prosecution and raise a double jeopardy argument only in the event that the second prosecution leads to a prior and less severe punishment than that meted out in the original case. Put another way, a defendant ought to have the option to endure an unconstitutional second trial in the hope that it will both conclude first and lead to a more lenient punishment than that eventually imposed in the first trial, and then to object to the punishment imposed in the first trial on double jeopardy grounds. We cannot locate any authority to support this proposition, and we reject it out of hand.
>
> The Double Jeopardy Clause is a shield against the oppression inherent in a duplicative, punitive proceeding; it is not a tool by which a defendant can avoid the consequences of the proceeding in which jeopardy first attached. . . . This simply is not a situation where the price to society of allowing a defendant to parlay the government's miscalculation into a "get out of jail free" card is worth the deterrent effect such a regime might have.

60 F.3d at 890.

Likewise, in *U.S. v. Idowu*, 74 F.3d 387 (2d Cir. 1996), the court found the *Pierce* court's reasoning persuasive. The *Idowu* court rejected "out of hand the theory that jeopardy in the context of successive punishments does not attach until the time of punishment." 74 F.3d at 397. We agree with the reasoning in *Pierce* and *Idowu* and also reject the theory that jeopardy did not attach to Thomas' possession with intent to deliver conviction until the time of punishment.

Because there was no double jeopardy violation, Thomas was not prejudiced by his counsel's failure to file a plea in bar to the possession with intent to deliver charge because such filing would not have caused the charge to be dismissed. See *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000). We conclude that Thomas' ineffective assistance of counsel argument fails on the prejudice prong of the ineffective assistance of counsel test.

Thomas, however, in his brief on appeal, argues for the first time that his trial counsel provided ineffective assistance by failing to have Thomas file a response to the forfeiture action and plead "not guilty" to the possession with intent to deliver charge. As an apparent backup plan, Thomas also argues for the first time on appeal that the result of the forfeiture action should be overturned because it was barred by double jeopardy. Thomas did not make either of the above arguments to the district court. For good reason, this court will not consider an issue on appeal that was not presented to or passed upon by the trial court; therefore, we do not consider either of these arguments on appeal. See *Turney v. Werner Enters.*, 260 Neb. 440, 618 N.W.2d 437 (2000). Consequently, we determine that Thomas' entire assignment of error relating to ineffective assistance of counsel is without merit.

Finally, we have reviewed Thomas' remaining assignments of error regarding the trial court's failure to appoint postconviction counsel and refusal to grant an evidentiary hearing and determine they have no merit based on the allegations and arguments Thomas presented on appeal.

## CONCLUSION

We, therefore, affirm the judgment of the district court.

AFFIRMED.