STATE OF NEBRASKA, APPELLEE, V.
MIGUEL CASTILLO ZARATE, APPELLANT.
651 N.W.2d 215

Filed September 27, 2002.   No. S-01-1175.

Sean J. Brennan for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

Hendry, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Gerrard, J.

## NATURE OF CASE

The defendant, Miguel Castillo Zarate, appeals from the district court's denial, without an evidentiary hearing, of Zarate's motion for postconviction relief. The sole question presented by this appeal is whether Zarate is entitled to an evidentiary hearing on the claim that Zarate's counsel was ineffective in not advising Zarate that pleading guilty to attempted possession of a controlled substance could result in deportation.

## BACKGROUND

Zarate was charged by information on May 2, 1997, with possession of a controlled substance with intent to deliver in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1995). Zarate was found guilty pursuant to a guilty plea and, on September 14, 1998, was sentenced to probation for a period of 3 years and fined $1,500.

Zarate filed a motion for postconviction relief on March 26, 2001, alleging that he was denied his constitutional right to effective assistance of counsel. Zarate alleged that he is not a U.S. citizen and that his attorney was aware of that fact. Zarate further alleged that he was not aware at the time of his guilty plea, and his attorney did not advise him, that Zarate could be deported from the United States as a consequence of his conviction of the crime alleged in the information. Zarate alleged that had he known that deportation was a possible consequence of a criminal conviction, he would not have entered a plea of guilty. Zarate claimed that the performance of his attorney was deficient because Zarate's attorney failed to inform Zarate of the immigration consequences of a guilty plea. The parties have stipulated that the sentencing court made no inquiry regarding Zarate's citizenship during the taking of Zarate's plea.

The district court denied Zarate's motion without an evidentiary hearing, and Zarate appealed. We moved the appeal to our docket and granted Zarate's motion to expedite the appeal because of imminent deportation proceedings pending against Zarate.

## ASSIGNMENT OF ERROR

Zarate assigns that the district court erred in denying Zarate an evidentiary hearing and dismissing Zarate's motion for post-conviction relief.

## STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Thomas*, 262 Neb. 138, 629 N.W.2d 503 (2001). However, when reviewing a question of law, an appellate court reaches a conclusion independent of the lower court. *Id.*

## ANALYSIS

We first note that although Zarate was not sentenced to incarceration, court-ordered probation constitutes "custody under sentence" for postconviction relief remedies under the Nebraska Postconviction Act. See, Neb. Rev. Stat. § 29-3001 (Reissue 1995); *State v. Styskal*, 242 Neb. 26, 493 N.W.2d 313 (1992). At the time that Zarate's postconviction motion was filed, his term of probation had not yet expired and he was in "custody" for postconviction purposes. The record also reflects that the State had filed a motion for revocation of Zarate's probation, which was pending at the time the instant appeal was taken. Consequently, we conclude that on the record presented to us, Zarate is entitled to ask for postconviction relief. See *id.*

An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proved, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Dean, ante* p. 42, 645 N.W.2d 528 (2002). In order to sustain a claim of ineffective assistance of counsel as a violation of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution, a defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defendant. *Thomas, supra.*

Normally, a voluntary guilty plea waives all defenses to a criminal charge. However, in a postconviction action brought by a defendant convicted on the basis of a guilty plea, a court will consider an allegation that the plea was the result of ineffective

assistance of counsel. *State v. Bishop*, 263 Neb. 266, 639 N.W.2d 409 (2002). When a conviction is based on a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that, but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading guilty. *Thomas, supra.* In this case, Zarate has alleged that he would have insisted on going to trial had he been informed of the possibility of deportation. For purposes of determining whether he is entitled to an evidentiary hearing, Zarate properly alleged facts sufficient to satisfy the prejudice requirement of an ineffective assistance of counsel claim.

The initial question, however, is whether Zarate's counsel was deficient—that is, whether counsel failed to perform at least as well as a criminal lawyer with ordinary training and skill in the area. See *State v. Long, ante* p. 85, 645 N.W.2d 553 (2002). In determining whether counsel's performance was deficient, there is a strong presumption that counsel acted reasonably. *State v. Al-Zubaidy*, 263 Neb. 595, 641 N.W.2d 362 (2002).

Stated more specifically, the question presented is whether Zarate's guilty plea was "involuntary" or "unintelligent" as a result of ineffective assistance of counsel, because Zarate's counsel failed to supply Zarate with relevant information regarding the consequences of the plea. "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), quoting *McMann v. Richardson*, 397 U.S. 759, 90 S. Ct. 1441, 25 L. Ed. 2d 763 (1970). "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.' " *Hill*, 474 U.S. at 56-57, quoting *Tollett v. Henderson*, 411 U.S. 258, 93 S. Ct. 1602, 36 L. Ed. 2d 235 (1973).

When a defendant pleads guilty on the advice of counsel, the attorney has the duty to advise the defendant of the available options and possible consequences. *Hawkman v. Parratt*, 661 F.2d 1161 (8th Cir. 1981). A guilty plea must represent the

informed, self-determined choice of the defendant among practicable alternatives; a guilty plea cannot be a conscious, informed choice if the accused relies upon counsel who performs ineffectively in advising the defendant regarding the consequences of entering a guilty plea and of the feasible options. *Id.*

In conducting this inquiry, federal courts and many state courts have adopted an analysis that distinguishes between the direct and collateral consequences of a guilty plea, for purposes of determining those consequences of which a defendant must be informed for the plea to be intelligent and voluntary. This court recently engaged in such an analysis in *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002), in determining of which consequences a court must advise a defendant before accepting his or her guilty plea. Direct consequences are those which result in a definite, immediate, and largely automatic effect on the range of the defendant's punishment. *Id.*, citing *U.S. v. Amador-Leal*, 276 F.3d 511 (9th Cir. 2002), *cert. denied* 535 U.S. 1070, 122 S. Ct. 1946, 152 L. Ed. 2d 849. Trial courts are free to advise defendants of the collateral consequences of their pleas, but are constitutionally obligated only to advise them of the direct consequences, and the failure to inform a defendant of a collateral consequence does not render the plea involuntary or unintelligent. See *Schneider, supra*. See, also, *Brady v. United States*, 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747 (1970). A defendant's incomplete awareness of collateral consequences of a guilty plea does not render that plea involuntary. *U.S. v. Del Rosario*, 902 F.2d 55 (D.C. Cir. 1990).

If a consequence flowing from a plea is "collateral," then the defendant need not be informed of it before entering the plea. *Santos v. Kolb*, 880 F.2d 941 (7th Cir. 1989). Since this doctrine provides a test for determining the voluntary and intelligent character of the plea, it is applied both to the trial court, as a measure of its performance in establishing the voluntary and intelligent nature of the plea before accepting it, and to defense counsel, as a measure of his or her performance in providing a defendant with the information necessary to render the plea voluntary and intelligent. *Id.* Cf. *State v. Sanders*, 241 Neb. 687, 490 N.W.2d 211 (1992) (guilty plea not involuntary where counsel failed to advise defendant of possibility of restitution,

because restitution is condition of probation rather than criminal penalty).

A review of the relevant law demonstrates—and the pending deportation proceedings against Zarate empirically substantiate—that Zarate's guilty plea to attempted possession of a controlled substance with intent to deliver rendered him vulnerable to deportation. See 8 U.S.C. § 1227(2)(B)(i) (Supp. IV 1998) ("[a]ny alien who at any time after admission has been convicted of a violation of (or a conspiracy or attempt to violate) any law or regulation of a State . . . relating to a controlled substance . . . is deportable"). The fact that Zarate was sentenced only to probation is of no matter. See, *Kolios v. Immigration and Naturalization Service*, 532 F.2d 786 (1st Cir. 1976); *Gonzalez de Lara v. United States*, 439 F.2d 1316 (5th Cir. 1971). Deportation was a potential consequence of Zarate's guilty plea.

The overwhelming majority of courts to have addressed the question, however, have held that deportation is a collateral consequence of the criminal process, and hence that, nothing else appearing, the failure to advise the defendant of the possibility of deportation does not amount to ineffective assistance of counsel. See, *U.S. v. Banda*, 1 F.3d 354 (5th Cir. 1993); *Varela v. Kaiser*, 976 F.2d 1357 (10th Cir. 1992); *U.S. v. Del Rosario, supra*; *U.S. v. George*, 869 F.2d 333 (7th Cir. 1989); *U.S. v. Yearwood*, 863 F.2d 6 (4th Cir. 1988); *United States v. Campbell*, 778 F.2d 764 (11th Cir. 1985); *United States v. Santelises*, 509 F.2d 703 (2d Cir. 1975); *State v. Muriithi*, 273 Kan. 952, 46 P.3d 1145 (2002); *State v. Montalban*, 810 So. 2d 1106 (La. 2002); *People v Davidovich*, 463 Mich. 446, 618 N.W.2d 579 (2000); *People v. Ford*, 86 N.Y.2d 397, 657 N.E.2d 265, 633 N.Y.S.2d 270 (1995); *State v. Dalman*, 520 N.W.2d 860 (N.D. 1994); *People v. Huante*, 143 Ill. 2d 61, 571 N.E.2d 736, 156 Ill. Dec. 756 (1991); *Com. v. Frometa*, 520 Pa. 552, 555 A.2d 92 (1989); *State v. Ginebra*, 511 So. 2d 960 (Fla. 1987); *Mott v. State*, 407 N.W.2d 581 (Iowa 1987); *Tafoya v. State*, 500 P.2d 247 (Alaska 1972); *State v. Rosas*, 183 Ariz. 421, 904 P.2d 1245 (Ariz. App. 1995); *State v. Santos*, 136 Wis. 2d 528, 401 N.W.2d 856 (Wis. App. 1987); *State v. Chung*, 210 N.J. Super. 427, 510 A.2d 72 (1986). See, generally, Annot., 90 A.L.R. Fed. 748 (1988); Annot., 65 A.L.R.4th 719 (1988). But

see *People v. Pozo*, 746 P.2d 523 (Colo. 1987) (en banc). As explained by the Seventh Circuit:

> [A]ctual knowledge of consequences which are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea. A deportation proceeding is a civil proceeding which may result from a criminal prosecution, but is not a part of or enmeshed in the criminal proceeding. It is collateral to the criminal prosecution. While the Sixth Amendment assures an accused of effective assistance of counsel in *"criminal prosecutions,"* this assurance does not extend to collateral aspects of the prosecution.

(Emphasis in original.) *George*, 869 F.2d at 337. Accord *Varela, supra.* As further stated by the Supreme Court of Florida:

> The focus of whether counsel provided constitutionally effective assistance in the context of a plea is whether counsel provided his client "with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." . . . A defendant's lack of knowledge that a plea of guilty may lead to deportation does nothing to undermine the plea itself which is, in effect, "a confession in open court as to the facts alleged."

(Citation omitted.) *Ginebra*, 511 So. 2d at 961-62. Accord *Rosas, supra.*

We agree with the foregoing analysis, and likewise hold that the possibility of deportation is a collateral consequence of a guilty plea and that counsel's alleged failure to inform a defendant of the possibility of deportation does not render the defendant's guilty plea involuntary or unintelligent for constitutional purposes. Compare *State v. Schneider*, 263 Neb. 318, 640 N.W.2d 8 (2002). Because the facts alleged in Zarate's motion for postconviction relief, even if proved, would be insufficient to establish that Zarate's guilty plea was involuntary or unintelligent, Zarate is not entitled to an evidentiary hearing. See *State v. Dean, ante* p. 42, 645 N.W.2d 528 (2002).

In arguing to the contrary, counsel for Zarate relies primarily on four cases from state appellate courts. See, *Pozo, supra*; *People v. Padilla*, 151 Ill. App. 3d 297, 502 N.E.2d 1182, 104 Ill. Dec. 522 (1986), *disapproved, People v. Huante*, 143 Ill. 2d 61,

571 N.E.2d 736, 156 Ill. Dec. 756 (1991); *Com. v. Wellington,* 305 Pa. Super. 24, 451 A.2d 223 (1982), *disapproved, Com. v. Frometa,* 520 Pa. 552, 555 A.2d 92 (1989); *Edwards v. State,* 393 So. 2d 597 (Fla. App. 1981), *disapproved, State v. Ginebra,* 511 So. 2d 960 (Fla. 1987). Of these cases, only *Pozo, supra,* remains good law. Zarate's brief does not mention that the other three decisions, from state intermediate appellate courts, have each been expressly disapproved by their respective state supreme courts. See, *Huante, supra*; *Frometa, supra*; *Ginebra, supra.* Courts are not well served when attorneys attempt to rely on authority which has been overruled.

We also note that the circumstances of Zarate's guilty plea, as evidenced by the record, do not serve to overcome the strong presumption that counsel acted reasonably. See *State v. Al-Zubaidy,* 263 Neb. 595, 641 N.W.2d 362 (2002). According to the presentence investigation, Zarate was driving a rented vehicle on Interstate 80 in Lancaster County when he was stopped for speeding by the Nebraska State Patrol. Zarate gave permission for the officer to search the vehicle, and approximately 62 pounds of marijuana were found in the trunk. Zarate was initially charged by information with a Class III felony, punishable by a maximum of 25 years' imprisonment, a $25,000 fine, or both. See Neb. Rev. Stat. § 28-105 (Reissue 1995).

Given those circumstances, a sentence of 3 years' probation and a $1,500 fine appears to be advantageous to the defendant, and it is difficult to say that counsel would have acted deficiently in recommending or permitting the acceptance of such a plea agreement. In the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel. *People v. Ford,* 86 N.Y.2d 397, 657 N.E.2d 265, 633 N.Y.S.2d 270 (1995).

We observe that the circumstances of the instant case are distinguishable from situations in which a defendant has been offered affirmative misadvice or misstatements regarding the immigration consequences of a guilty plea. Federal and state courts have recognized that counsel's affirmative misadvice or misstatements regarding deportation or other collateral consequences of a plea may, under certain circumstances, constitute

ineffective assistance of counsel. See, e.g., *In re Resendiz*, 25 Cal. 4th 230, 19 P.3d 1171, 105 Cal. Rptr. 2d 431 (2001); *People v. McDonald*, 296 A.D.2d 13, 745 N.Y.S.2d 276 (2002) (citing cases). Zarate has not made such an allegation in the present case.

Finally, although it is not pertinent to our disposition of the instant appeal, we note that several jurisdictions require, by statute or court rule, that prior to acceptance of a plea of guilty or nolo contendere, trial courts must advise defendants of the immigration consequences of the plea. See 2 Austin T. Fragomen, Jr., et al., Immigration Law and Business § 6.13 (2002) (listing jurisdictions). Nebraska has recently adopted such a law, making this (in all likelihood) a case of last impression. See 2002 Neb. Laws, L.B. 82. However, L.B. 82 came into effect on July 20, 2002, well after the acceptance of Zarate's plea in the present case. In any event, Zarate has not presented us with any claim based on the trial court's failure to advise him of the consequences of his plea.

## CONCLUSION

Zarate's allegation, that his counsel failed to inform him of the immigration consequences of his guilty plea, does not support a claim of ineffective assistance of counsel as a violation of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution. Zarate has not alleged facts which, if proved, would constitute an infringement of his rights under the Nebraska or federal Constitution. Therefore, the district court did not err in dismissing Zarate's motion without an evidentiary hearing. The judgment of the district court is affirmed.

AFFIRMED.