2005 SD 100

**Iliya NIKOLAEV, Petitioner and Appellant,**

v.

**Douglas WEBER, Respondent and Appellee.**

No. 23137.

Supreme Court of South Dakota.

Considered on Briefs Aug. 30, 2005.

Decided Sept. 28, 2005.

Kari L. Nordstrom, Custer, South Dakota, Attorney for petitioner and appellant.

Lawrence E. Long, Attorney General, Ann C. Meyer, Assistant Attorney General, Pierre, South Dakota, Attorneys for respondent and appellee.

PER CURIAM.

[¶ 1.] Iliya Nikolaev appeals the denial of habeas corpus relief contending the trial court violated his right to due process and his trial counsel was ineffective for failing to advise him of deportation consequences before he entered a guilty plea to third-degree rape. Because we hold that advisement of potential deportation consequences is collateral to a guilty plea we affirm.

## FACTS

[¶ 2.] Nikolaev, age thirty-three, was charged with two counts of third-degree rape for having sexual contact with his fourteen-year-old niece. Nikolaev is a Russian immigrant. He was represented by attorney Dennis Groff. Throughout these proceedings an interpreter was used by the trial court. Although the record indicates Nikolaev could speak some English, Groff also used an interpreter on occasion when consulting with his client. At the preliminary hearing the victim testified she engaged in sexual intercourse with the defendant more than once. She also revealed she had a nightgown with a semen stain from Nikolaev. The State offered Nikolaev a plea agreement before proceeding with DNA testing of the stain on the nightgown. In exchange for a guilty plea to one count of third-degree rape, the State would not pursue additional charges and would make no recommendation at sentencing. However, if the State proceeded with DNA testing it would not enter into plea negotiations.

[¶ 3.] Nikolaev intended to plead guilty on September 24, 1999, but requested more time because he was having doubts. Four days later Nikolaev appeared before the trial court and entered a guilty plea.

The record indicates attorney Groff, with the aid of an interpreter, explained to Nikolaev his rights and that by pleading guilty he was waiving those rights. The trial court also explained Nikolaev's constitutional and statutory rights to him. Nikolaev indicated he understood those rights and entered his plea of guilty. Nikolaev commended his attorney for his fine job of explaining the legal system. Nikolaev then provided a factual basis for the guilty plea indicating he engaged in an act of oral sex with his niece.

[¶ 4.] Prior to the sentencing hearing Nikolaev hired a new attorney, Patrick Duffy. During sentencing Nikolaev blamed the victim for initiating the sexual contact although he acknowledged it was wrong for him to engage in a sexual act with her. Nikolaev was sentenced to fifteen years in the penitentiary with seven years suspended on various conditions. On direct appeal this Court determined the trial court complied with the statutory mandates to fully inform the defendant prior to entering his guilty plea and affirmed the conviction. *State v. Nikolaev*, 2000 SD 142, ¶ 12, 619 N.W.2d 244, 247.

[¶ 5.] Nikolaev then filed this application for habeas corpus relief contending he was denied effective assistance of counsel because his attorneys had not explained that he could be subject to deportation following his guilty plea. He also maintains he was denied due process of law when the trial court did not warn him of potential deportation consequences before accepting his guilty plea. Both of Nikolaev's attorneys testified that they did not discuss deportation as a consequence of accepting the plea agreement. Nikolaev asserted he would not have agreed to plead guilty if he had known he could be deported. As a result, he argued the plea agreement was not knowingly, intelligently and voluntarily entered. The habeas court determined that a failure to advise Nikolaev concerning deportation before he entered the guilty plea was not grounds for habeas relief. The trial court dismissed the habeas petition but granted a certificate of probable cause and Nikolaev appeals.[1]

## ISSUE

[¶ 6.] **Whether Nikolaev is entitled to habeas corpus relief when neither the trial court nor trial counsel advised him regarding deportation consequences prior to entering his guilty plea.**

[¶ 7.] An appeal of a habeas decision is "a collateral attack on a final judgment," and as such is reviewed under a more restrictive standard than ordinary appeals. *Brakeall v. Weber*, 2003 SD 90, ¶ 6, 668 N.W.2d 79, 82 (citations omitted). Our review is limited to determining: "(1) whether the court has jurisdiction of the crime and the person of the defendant; (2) whether the sentence was authorized by law; and (3) in certain cases whether the incarcerated defendant has been deprived of basic constitutional rights." *Id.* The habeas petitioner bears the initial burden of showing by a preponderance of the evidence that he is entitled to relief. *Siers v. Class*, 1998 SD 77, ¶ 10, 581 N.W.2d 491, 494. We will not reverse the habeas court's findings absent clear error. *Id.*

[¶ 8.] Review of an ineffective assistance of counsel claim is a mixed question of law and fact. *Siers*, 1998 SD 77, ¶ 11, 581 N.W.2d at 494 (citing *Lykken v. Class*, 1997 SD 29, 561 N.W.2d 302). The petitioner must overcome the "strong

1. Nikolaev's counsel originally submitted a no-merit brief under the *State v. Korth*, 2002 SD 101, 650 N.W.2d 528, procedure. This Court directed counsel to re-brief this matter based on the presence of an arguably meritorious issue.

presumption that counsel's performance falls within the wide range of professional assistance." *Id.* ¶ 12. Unless clear error is present, we defer to the habeas court's findings of fact regarding counsel's performance but, we may substitute our own judgment "as to whether defense counsel's actions or inactions constituted ineffective assistance of counsel." *Id.* ¶ 11. However, this Court "will not compare counsel's performance to that of some idealized 'super-lawyer' and will respect the integrity of counsel's decision in choosing a particular strategy, these considerations must be balanced with the need to insure that counsel's performance was within the realm of competence required of members of the profession." *Sprik v. Class,* 1997 SD 134, ¶ 24, 572 N.W.2d 824, 829 (citing *Roden v. Solem,* 431 N.W.2d 665, 667 n. 1 (S.D.1988)).

[¶ 9.] Nikolaev contends his trial counsel was ineffective for failing to advise him that he could face deportation as a result of his guilty plea. He also maintains that the trial court violated his right to due process by not informing him of the potential deportation consequences resulting from his guilty plea. This Court has not previously addressed a claim of ineffective assistance of counsel concerning advisement of potential deportation consequences before entering a guilty plea or a trial court's obligation to warn a defendant of potential deportation issues.

 [¶ 10.] "In conducting this inquiry, federal courts and many state courts have adopted an analysis that distinguishes between direct and collateral consequences of a guilty plea, for purposes of determining those consequences of which a defendant must be informed for the plea to be intelligent and voluntary." *State v. Zarate,* 264 Neb. 690, 651 N.W.2d 215, 221 (2002). This Court has previously utilized this analytical framework in addressing the voluntariness of a guilty plea. *See State v. Arguello,* 2002 SD 157, ¶ 6, 655 N.W.2d 451, 453 (holding future possibility of enhanced sentence following guilty plea is a collateral consequence); *State v. Timperley,* 1999 SD 75, ¶ 17, 599 N.W.2d 866, 869 (holding sex offender registration is a collateral consequence); *State v. Wika,* 464 N.W.2d 630, 634 (S.D.1991)(holding counseling requirement is a collateral consequence); *Gregory v. State,* 353 N.W.2d 777, 781 (S.D.1984)(holding eligibility for parole is a collateral consequence). "A direct consequence of a plea, of which a defendant must be informed, 'represents a definite, immediate and largely automatic effect on the range of the defendant's punishment.'" *People v. Pequeno,* 337 Ill. App.3d 537, 272 Ill.Dec. 237, 786 N.E.2d 1071, 1077 (2003) (citing *People v. Williams,* 188 Ill.2d 365, 242 Ill.Dec. 260, 721 N.E.2d 539 (1999)). "If a consequence flowing from a plea is 'collateral' then the defendant need not be informed of it before entering the plea." *Zarate,* 651 N.W.2d at 222 (citing *Santos v. Kolb,* 880 F.2d 941 (7th Cir.1989)). This test is "applied both to the trial court, as a measure of its performance in establishing the voluntary and intelligent nature of the plea before accepting it, and to defense counsel, as a measure of his or her performance in providing a defendant with the information necessary to render the plea voluntary and intelligent." *Id.*

 [¶ 11.] "It is well settled that a trial court is not required to advise a defendant *sua sponte* of potential federal deportation consequences of a plea of guilty to a felony charge when accepting such plea."[2] *People v. Pozo,* 746 P.2d 523,

2. Some states have statutorily required a trial court to issue an immigration-consequence warning before accepting a guilty plea. *See State v. Yanez,* 150 Ohio App.3d 510, 782

526 (Colo.1987). "The trial court is required to advise the defendant only of the direct consequences of the conviction to satisfy due process concerns that a plea be made knowingly and with full understanding of the consequences thereof." *Id.* Additionally, "[t]he overwhelming majority of courts to have addressed the question [ ] have held that deportation is a collateral consequence of the criminal process, and hence that, nothing else appearing, the failure to advise the defendant of the possibility of deportation does not amount to ineffective assistance of counsel." *Zarate,* 651 N.W.2d at 222. *See e.g., Broomes v. Ashcroft,* 358 F.3d 1251, 1256–57 (10th Cir. 2004); *United States v. Fry,* 322 F.3d 1198, 1200 (9th Cir.2003); *United States v. Gonzalez,* 202 F.3d 20, 28 (1st Cir.2000); *U.S. v. Banda,* 1 F.3d 354 (5th Cir.1993); *U.S. v. Del Rosario,* 902 F.2d 55 (D.C.Cir. 1989); *U.S. v. George,* 869 F.2d 333 (7th Cir.1989); *U.S. v. Yearwood,* 863 F.2d 6 (4th Cir.1988); *United States v. Campbell,* 778 F.2d 764 (11th Cir.1985); *United States v. Santelises,* 509 F.2d 703 (2nd Cir.1975); *People v. Pequeno,* 337 Ill. App.3d 537, 272 Ill.Dec. 237, 786 N.E.2d 1071, 1076 (2003); *State v. Muriithi,* 273 Kan. 952, 46 P.3d 1145 (2002); *State v. Montalban,* 810 So.2d 1106 (La.2002); *People v. Davidovich,* 463 Mich. 446, 618 N.W.2d 579 (2000); *State v. Rosas,* 183 Ariz. 421, 904 P.2d 1245 (App.1995); *People v. Ford,* 86 N.Y.2d 397, 633 N.Y.S.2d 270, 657 N.E.2d 265 (1995); *State v. Dalman,* 520 N.W.2d 860 (N.D.1994); *Com. v. Frometa,* 520 Pa. 552, 555 A.2d 92 (1989); *Mott v. State,* 407 N.W.2d 581 (Iowa 1987); *State v. Santos,* 136 Wis.2d 528, 401 N.W.2d 856 (App.1987); *Tafoya v. State,* 500 P.2d 247 (Alaska 1972). Furthermore, every federal circuit that has addressed this issue has held that deportation is a collateral consequence to a guilty plea and that failure to advise a defendant of collateral immigration consequences does not violate the Sixth Amendment's guarantee of effective assistance of counsel. *Fry,* 322 F.3d at 1200 (string citation omitted).

[¶ 12.] As recognized by the Nebraska Supreme Court:

[A]ctual knowledge of consequences which are collateral to the guilty plea is not a prerequisite to the entry of a knowing and intelligent plea. A deportation proceeding is a civil proceeding which may result from a criminal prosecution, but is not a part of or enmeshed in the criminal proceeding. It is collateral to the criminal prosecution. While the Sixth Amendment assures an accused of effective assistance of counsel in *criminal prosecutions,* this assurance does not extend to collateral aspects of the prosecution.

\* \* \*

The focus of whether counsel provided constitutionally effective assistance in the context of a plea is whether counsel provided his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. A defendant's lack of knowledge that a plea of guilty may lead to deportation does nothing to undermine the plea itself which is, in effect, a confession in open court as to the facts alleged.

*Zarate,* 651 N.W.2d at 223 (internal citations omitted.) "Deportation is not the sentence of the court which accepts the

N.E.2d 146, 149 (2002) (recognizing Ohio, California, Connecticut, District of Columbia, Florida, Georgia, Hawaii, Massachusetts, Maryland, Minnesota, Montana, New Mexico, New York, North Carolina, Oregon, Rhode Island, Texas, Washington and Wisconsin require such a warning). However, South Dakota has no such statutorily required warning.

plea but of another agency over which the trial judge has no control and for which he has no responsibility." *Gonzalez*, 202 F.3d at 28. "[R]emoval of an alien who violates the immigration laws does not constitute punishment but, rather, is a civil action necessary to enforce the country's immigration laws." *Drakes v. Immigration and Naturalization Service*, 330 F.3d 600, 605 (3rd Cir.2003).

[¶ 13.] It is worthy of observation that this is not a case where a defendant has been provided affirmative misadvice or misstatements by counsel concerning deportation. "Federal and state courts have recognized that counsel's affirmative misadvice or misstatements regarding deportation may, under certain circumstances, constitute ineffective assistance of counsel." *Zarate*, 651 N.W.2d at 224. *See also State v. Rojas–Martinez*, 73 P.3d 967, 969 (Utah App.2003) ("An attorney's failure to inform a client of the deportation consequences of a guilty plea, *without more*, does not fall below an objective standard of reasonableness."); *In re Resendiz*, 25 Cal.4th 230, 105 Cal.Rptr.2d 431, 19 P.3d 1171, 1177 (2001) (holding "affirmative misadvice regarding immigration consequences can in certain circumstances constitute ineffective assistance of counsel."). The record does not support any such allegation in this case and Nikolaev has not met his burden to establish habeas relief.

[¶ 14.] Affirmed.

[¶ 15.] GILBERTSON, Chief Justice, SABERS, KONENKAMP, ZINTER and MEIERHENRY, Justices, participating.