STATE OF NEBRASKA, APPELLEE, V.
DAVID J. GONZALES, APPELLANT.
709 N.W.2d 707

Filed February 14, 2006.   No. A-04-299.

Mark T. Bestul, of Vincent M. Powers & Associates, for appellant.

David J. Gonzales, pro se.

Jon Bruning, Attorney General, and J. Kirk Brown for appellee.

IRWIN, SIEVERS, and MOORE, Judges.

IRWIN, Judge.

## I. INTRODUCTION

David J. Gonzales appeals from the district court's denial, without an evidentiary hearing, of Gonzales' motion for postconviction relief and appointment of counsel. On appeal, Gonzales asserts that the court erred in denying an evidentiary hearing on Gonzales' claim that his trial counsel was ineffective and in failing to appoint counsel. We find that Gonzales' motion alleges sufficient facts to entitle him to an evidentiary hearing. Accordingly, we reverse, and remand for further proceedings.

## II. BACKGROUND

Gonzales was arrested in November 1999 and initially charged with two counts of second degree murder and two counts of use of a deadly weapon in the commission of a felony. The factual circumstances giving rise to the charges are detailed in the opinion in *State v. Leonor*, 263 Neb. 86, 638 N.W.2d 798 (2002), the appeal of a codefendant, Juan L. Leonor. As a result of plea negotiations, Gonzales pled guilty to amended charges of one count of manslaughter, one count of second degree murder, and one count of use of a deadly weapon in the commission of a felony. Gonzales was sentenced to a term of 19 to 20 years' imprisonment on the manslaughter conviction, a concurrent term of 30 to 40 years' imprisonment on the second degree murder conviction, and a consecutive term of 10 to 20 years' imprisonment on the use of a deadly weapon conviction. Gonzales appealed the sentences to this court, which summarily affirmed the sentences. See *State v. Gonzales*, 11 Neb. App. xlvi (No. A-02-517, Oct. 25, 2002). Gonzales was represented by the same counsel on appeal as at trial.

On January 15, 2004, Gonzales filed a motion for postconviction relief in which he alleged that his plea was the result of ineffective assistance of counsel. Gonzales alleged that his trial counsel advised him to plead guilty and provided ineffective assistance in two different regards: in advising Gonzales that "the State was going to use the same identical evidence and witnesses used in [Leonor's] trial" and in telling Gonzales that he

would be convicted, just like Leonor, and that Gonzales "would receive two life sentences without the possibility of parole." Gonzales alleged that he "had no choice but to plead guilty based upon the wrongly given advice of counsel." Gonzales requested an evidentiary hearing and appointment of counsel by the court.

On February 10, 2004, the district court entered an order denying postconviction relief. The district court found that Gonzales' motion included allegations about what a reasonable jury might have done at trial, that the court could not speculate about what a jury might have done at trial, and that Gonzales therefore "failed to demonstrate with reasonable probability that, but not [sic] for counsel's deficient performance, the result of the proceedings would have been different." The court denied both an evidentiary hearing and appointment of counsel. This appeal followed.

### III. ASSIGNMENTS OF ERROR

Gonzales' assignments of error on appeal are that the district court erred in denying an evidentiary hearing and in failing to appoint counsel.

### IV. ANALYSIS

Gonzales asserts that the district court erred in finding that his motion for postconviction relief did not demonstrate ineffective assistance of counsel and prejudice sufficient to warrant the granting of both an evidentiary hearing and appointment of counsel. Specifically, Gonzales asserts that his counsel was ineffective concerning advice about both the evidence which would be used against Gonzales at trial and the potential sentences Gonzales might receive if convicted of the original charges.

#### 1. STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Zarate*, 264 Neb. 690, 651 N.W.2d 215 (2002). However, when reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Thomas*, 262 Neb. 138, 629 N.W.2d 503 (2001).

## 2. MOVANT'S BURDEN OF PROOF

We first note that the district court appears to have mistaken Gonzales' burden of proof. The district court, after reviewing Gonzales' motion for postconviction relief, correctly noted that much of Gonzales' motion discusses testimony given at Leonor's trial and whether such testimony would or would not have been admissible at Gonzales' trial. The district court then stated: "The Court may not engage in guessing what the outcome would have been had [Gonzales] gone to trial." The court quoted Gonzales' assertion in his motion that a reasonable jury might have acquitted him of the charges. The district court then held that Gonzales had "failed to demonstrate with reasonable probability that, but not [sic] for counsel's deficient performance, the result of the proceedings would have been different."

It appears that the district court was mistakenly holding Gonzales to a burden of having to prove that a trial would have resulted in an outcome different from the conviction that resulted from his plea. To the extent the district court was so holding, the court was holding Gonzales to the wrong burden of proof.

An evidentiary hearing on a motion for postconviction relief is required on an appropriate motion containing factual allegations which, if proven, constitute an infringement of the movant's rights under the Nebraska or federal Constitution. *State v. Zarate, supra*; *State v. Dean*, 264 Neb. 42, 645 N.W.2d 528 (2002). In order to sustain a claim of ineffective assistance of counsel as a violation of the Sixth Amendment to the U.S. Constitution and article I, § 11, of the Nebraska Constitution, a defendant must show that (1) counsel's performance was deficient and (2) such deficient performance prejudiced the defendant. *State v. Zarate, supra*. See *State v. Thomas, supra*.

The Nebraska Supreme Court has held that normally, a voluntary guilty plea waives all defenses to a criminal charge. However, in a postconviction action brought by a defendant convicted on the basis of a guilty plea, a court will consider an allegation that the plea was the result of ineffective assistance of counsel. *State v. Zarate, supra*. When a conviction is based on a guilty plea, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that, but for the errors of counsel, *the*

*defendant would have insisted on going to trial rather than pleading guilty. Id.*

In the present case, the district court appears to have mistakenly believed the prejudice requirement demanded Gonzales to show that the outcome of a trial would likely have been different, instead of simply to show that he would have insisted on going to trial rather than pleading guilty. Nonetheless, it is firmly established that in a postconviction proceeding, an evidentiary hearing should be denied when the motion does not contain factual allegations which, if proven, constitute an infringement of the movant's constitutional rights, when the motion alleges only conclusions of fact or law, and when the records and files affirmatively show that the defendant is entitled to no relief. See *State v. Soukharith*, 260 Neb. 478, 618 N.W.2d 409 (2000). As such, because we review questions of law independent of the lower court, we will proceed to review the sufficiency of Gonzales' motion on each of the asserted grounds for relief set forth above.

### 3. COUNSEL'S ADVICE ABOUT EVIDENCE

Gonzales asserts that his trial counsel provided ineffective assistance when advising Gonzales that "the State was going to use the same identical evidence and witnesses used in [Leonor's] trial against [Gonzales] if he had proceeded to trial" and that because Leonor was convicted, "the same would happen to [Gonzales] if he would have decided to go to trial." Gonzales asserts that the evidence used in Leonor's trial consisted largely of testimony of witnesses concerning statements that Leonor made to them indicating that Gonzales had shot the victims in the incident leading to this case. A review of Gonzales' motion and of the factual background in *State v. Leonor*, 263 Neb. 86, 638 N.W.2d 798 (2002), indicates that there was evidence presented at Leonor's trial which implicated Gonzales and that this evidence consisted of statements made by Leonor to various witnesses.

At this stage of the proceedings, the question presented for resolution is whether Gonzales' motion alleges facts which, if proven, would entitle him to relief. Because Gonzales is alleging that his plea was involuntary and was the result of ineffective assistance of counsel, the question becomes whether the advice

Gonzales alleges his counsel gave, if proven to have been given, comports with the advice that would have been given by a criminal lawyer with ordinary training and skill in the area and whether that advice prejudiced Gonzales in his case. See *State v. Thomas*, 262 Neb. 138, 629 N.W.2d 503 (2001). Because the district court denied Gonzales an evidentiary hearing, the only record for us to review in making this determination is Gonzales' motion itself and the Nebraska Supreme Court's opinion in *State v. Leonor, supra.*

The allegations of Gonzales' motion, if proven, demonstrate that Gonzales' counsel advised him that the exact same evidence used at Leonor's trial would be used in Gonzales' trial, that the evidence used at Leonor's trial which implicated Gonzales consisted entirely of testimony by witnesses of statements made by Leonor, and that the statements were admissible against Leonor because they were his own statements being offered against himself, but those statements could be argued to be hearsay if offered against Gonzales.

Because no evidentiary hearing was granted, we are unable to determine why counsel might have believed Leonor's out-of-court statements would be admissible against Gonzales. Although it is entirely possible that counsel had a reason for such belief or a reason for advising Gonzales that the statements would be admissible, there is simply no way for this court to know without an evidentiary hearing, and speculation at this time would be improper. At this stage of the proceedings, there is no way for this court to know if the advice was even given, let alone whether the advice was correct. It is sufficient that the allegations of the motion, if proven, demonstrate Gonzales might be entitled to relief and that the records and files do not affirmatively demonstrate he is entitled to no relief. As such, we reverse, and remand for an evidentiary hearing on Gonzales' motion for postconviction relief.

### 4. REMAINING ISSUES

We need not further discuss the remaining issues. Inasmuch as we have already remanded for an evidentiary hearing, we need not further specifically determine whether Gonzales' assertions concerning the advice given about his potential sentences would

merit an evidentiary hearing or whether the court erred in failing to appoint counsel. In light of our ruling that Gonzales is entitled to an evidentiary hearing, the district court's ruling on Gonzales' request for court-appointed counsel is also reversed and the issue is remanded for a new determination.

## V. CONCLUSION

We reverse, and remand for further proceedings. The allegations of Gonzales' motion for postconviction relief are sufficient to merit an evidentiary hearing.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.